UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY SPENCER and ERIK ODRONIEC, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED MEDICAL SYSTEMS (DE), INC., a Delaware Corporation,<br><br>　　　　　Defendants. | No. _____<br><br>**COMPLAINT**<br>**FLSA OVERTIME PAY**<br>**COLLECTIVE ACTION** |

　　1.　　Plaintiffs Jeffrey Spencer and Erik Odroniec ("PLAINTIFFS") allege as follows on behalf of themselves and all others similarly situated:

### I.　　INTRODUCTION

　　2.　　PLAINTIFFS bring claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs, on behalf of themselves and similarly situated individuals employed, or formerly employed, by Defendant United Medical Systems (DE), Inc. ("UMS") as drivers, which include the positions of "Support Engineer/Driver" ("DRIVERS"), and technologists, which include the positions of "Lithrotripsy Technologist," "Laser Technologist," "Mammo Technologist," "MRI Technologist," "MRI Fusion Technologist," and "Radiology Technologist" ("TECHNOLOGISTS"). PLAINTIFFS challenge UMS's policies of willfully and unlawfully misclassifying its DRIVERS and TECHNOLOGISTS as "exempt" and thereby refusing to pay them overtime compensation as required under the FLSA. This misclassification policy was in effect for at least three years prior to the filing of this action. Even though UMS's DRIVERS and TECHNOLOGISTS do not meet the requirements for any exemptions to the

FLSA's overtime requirements, UMS knowingly allowed and/or pressured them to work overtime hours without paying the legally required overtime premium pay.

3. PLAINTIFFS bring claims for payment of overtime, liquidated damages, attorneys' fees and costs under the FLSA on behalf of similarly situated DRIVERS and TECHNOLOGISTS working for UMS in Massachusetts and in several other states (collectively hereinafter "COLLECTIVE ACTION MEMBERS"). PLAINTIFFS have signed and hereby file as Exhibits A and B hereto consent forms to join this lawsuit. The collective action claims are brought on behalf of PLAINTIFFS and all COLLECTIVE ACTION MEMBERS who file a valid consent to join and who were employed by UMS during the period commencing three years prior to the filing of their respective consents to join (the "COLLECTIVE ACTION MEMBERS").

## II.     JURISDICTION

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as the claims arise under the FLSA, 29 U.S.C. § 216(b).

## III.     VENUE

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because Defendant United Medical Systems (DE), Inc. ("UMS") operates from its headquarters in Westborough, Massachusetts and from other facilities located within this District, has directed Plaintiffs' work and the work of others similarly situated from facilities within this District, and has issued employment compensation to Plaintiffs and others from facilities in this District; and Plaintiff Jeffrey Spencer has performed work for Defendant within this District, all of which give rise to the claims averred herein.

## IV.     PARTIES

6. PLAINTIFF Jeffrey Spencer resides in Gainesville, Florida. He worked as a driver for UMS in various locations, including in New England and in Florida from approximately January 2002 until February 1, 2019, when UMS terminated his employment.

7. PLAINTIFF Erik Odroniec resides in Harrison, Michigan. He worked as a driver and technologist, holding the job titles of support engineer floater and laser technologist for UMS in various locations, including in Michigan from approximately 2014 until May 2017, when UMS terminated his employment. During the COLLECTIVE ACTION PERIOD, as defined below, Odroniec worked for UMS as a laser technologist in Michigan.

8. Defendant United Medical Systems (DE), Inc. is a Delaware Corporation. UMS has its corporate headquarters in Westborough, Massachusetts. UMS was PLAINTIFFS' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

V. **STATEMENT OF FACTS**

9. UMS is in the business of providing mobile, shared medical equipment and related services to medical professionals. Through its DRIVERS and TECHNOLOGISTS, UMS moves equipment into and out of medical facilities and assists in the operation of such medical equipment. The transportable medical equipment UMS provides includes lithotripsy, stereotactic breast biopsy, urological laser, and MRI imaging systems. UMS has transported and operated its equipment throughout the United States, including the New England region, Massachusetts, Florida, Michigan, and other states.

10. From at least March 2016 until approximately February 2019 ("COLLECTIVE ACTION PERIOD"), UMS employed DRIVERS and TECHNOLOGISTS to transport and help operate medical equipment in Massachusetts, Michigan, Florida, and several other states.

11. Throughout the COLLECTIVE ACTION PERIOD, the DRIVERS' primary job duties and responsibilities involved transporting the medical equipment to and from the client's facility, as well as moving the equipment into and out of the facility and setting it up.

12. Throughout the COLLECTIVE ACTION PERIOD, the TECHNOLOGISTS' primary job duties and responsibilities involved calibrating and operating the medical equipment at the client's facility.

13. UMS required and/or knowingly permitted PLAINTIFFS and its other DRIVERS and TECHNOLOGISTS to work hours considerably in excess of 40 hours a week throughout the COLLECTIVE ACTION PERIOD.

14. PLAINTIFF Jeffrey Spencer typically worked from 40 to 50 hours a week. Mr. Spencer's hours varied from week to week based on UMS's scheduled appointments. For example, in a given month, he may work 40 hours in the first week, 60 hours the second week, 55 hours the third week, and 45 hours in the fourth week.

15. PLAINTIFF Erik Odroniec typically worked from approximately 30 to 60 hours a week. Odroniec's hours varied from week to week based on UMS's scheduled appointments. For example, in a given month, he may work 30 hours in the first week, 40 hours the second week, 50 hours the third week, and 60 hours in the fourth week.

16. PLAINTIFFS are informed and believe that it was UMS's policy and practice to require and/or knowingly permit their DRIVERS and TECHNOLOGISTS to work overtime hours without receiving overtime compensation throughout the COLLECTIVE ACTION PERIOD.

17. During the COLLECTIVE ACTION PERIOD, UMS classified PLAINTIFFS and other DRIVERS and TECHNOLOGISTS as "exempt" employees for purposes of overtime requirements under the FLSA, 29 U.S.C. § 207. In approximately February 2019, UMS

reclassified its DRIVERS and TECHNOLOGISTS as "non-exempt" and began paying overtime premium pay for hours worked over 40 hours a week.

18. UMS's "exempt" classification of PLAINTIFFS and other DRIVERS and TECHNOLOGISTS during the COLLECTIVE ACTION PERIOD was unlawful under the FLSA, 29 U.S.C. § 207.

19. As a result of UMS misclassifying DRIVERS and TECHNOLOGISTS as "exempt," it willfully and knowingly failed to pay premium overtime compensation to PLAINTIFFS and similarly situated DRIVERS and TECHNOLOGISTS for hours worked over 40 in a week. UMS was aware that it was willfully and knowingly failing to pay overtime compensation to PLAINTIFFS and similarly situated DRIVERS and TECHNOLOGISTS in part because UMS purchased a company named American Kidney Stone Management, LTD ("AKSM") in approximately 2016 and was aware that ASKM paid overtime compensation to employees who performed similar work to DRIVERS and TECHNOLOGISTS.

20. As a result of UMS misclassifying DRIVERS and TECHNOLOGISTS as "exempt," it willfully and knowingly failed to pay DRIVERS and TECHNOLOGISTS all accrued overtime compensation.

21. PLAINTIFFS are informed and believe that UMS deliberately misclassified DRIVERS and TECHNOLOGISTS as exempt to avoid paying overtime wages to employees who worked overtime hours.

## VI.     COLLECTIVE ACTION ALLEGATIONS

22. PLAINTIFFS bring the claims herein for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the COLLECTIVE ACTION MEMBERS, who include all persons who were employed by UMS anywhere in the United States and worked in either of the following two groups of positions

within the COLLECTIVE ACTION PERIOD: (a) DRIVERS, which includes "Support Engineer/Driver" and any similar position that primarily involved driving medical equipment to and from UMS's clients; and (b) TECHNOLOGISTS, which includes, but is not limited to, "Lithrotripsy Technologist," "Laser Technologist," "Mammo Technologist," "MRI Technologist," "MRI Fusion Technologist," and "Radiology Technologist" and any similar position that primarily involved operating, collaborating, or otherwise assisting UMS's clients with the use of medical equipment.

23. PLAINTIFF Jeffrey Spencer and the other DRIVERS are similarly situated, having performed substantially similar duties for UMS and being subject to UMS's common practice of unlawfully classifying DRIVERS as "exempt."

24. PLAINTIFF Erik Odroniec and the other TECHNOLOGISTS are similarly situated, having performed substantially similar duties for UMS and being subject to UMS's common practice of unlawfully classifying TECHNOLOGISTS as "exempt."

25. The claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because PLAINTIFFS' claims are similar to the claims of the COLLECTIVE ACTION MEMBERS.

26. The names and addresses of the COLLECTIVE ACTION MEMBERS are available from UMS. Accordingly, PLAINTIFFS pray herein for an Order requiring UMS to provide the names and all available locating information for all members of the Collective Action, so notice can be provided to the class of the pendency of this action, and their right to opt in to this action.

## VII.   DAMAGES

27. As a direct, foreseeable, and proximate result of UMS's conduct, PLAINTIFFS and similarly situated DRIVERS and TECHNOLOGISTS are owed overtime compensation plus

interest or liquidated damages, under 29 U.S.C. §216(b), the precise amount of which will be proved at trial.

### VIII.   CLAIMS FOR RELIEF
### (FLSA CLAIMS, 29 U.S.C. § 201, *et seq*.)
### (ON BEHALF OF PLAINTIFF AND
### COLLECTIVE ACTION MEMBERS)

28.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a claim of relief on behalf of themselves and all COLLECTIVE ACTION MEMBERS.

29.     At all relevant times, UMS has been, and continues to be, an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, UMS has employed, and continues to employ DRIVERS and TECHNOLOGISTS including PLAINTIFFS and each of the COLLECTIVE ACTION MEMBERS.  PLAINTIFFS are informed and believe, and based thereon allege that UMS had annual dollar volume of sales in excess of $500,000 during the COLLECTIVE ACTION PERIOD.

30.     PLAINTIFFS consent to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  It is likely that other individuals will sign consent forms and join on this claim in the future.

31.     The FLSA requires each covered employer, such as UMS, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a week.

32.     The COLLECTIVE ACTION MEMBERS are entitled to be paid the statutorily required overtime compensation for all overtime hours worked. At all relevant times, UMS had a policy and practice of failing and refusing to pay overtime pay to the COLLECTIVE ACTION MEMBERS for their hours worked in excess of 40 hours per week. By failing to compensate PLAINTIFFS and the COLLECTIVE ACTION MEMBERS at a rate of not less than one and

one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, UMS has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. By failing to record, report, and/or compensate PLAINTIFFS and the COLLECTIVE ACTION MEMBERS, UMS has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 216(b).

34. PLAINTIFFS, on behalf of themselves and the COLLECTIVE ACTION MEMBERS, seek damages in the amount of their respective overtime compensation and liquidated damages, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

35. PLAINTIFFS, on behalf of themselves and the COLLECTIVE ACTION MEMBERS, seek recovery of attorneys' fees and costs of action to be paid by UMS, as provided by the FLSA, 29 U.S.C. § 216(b).

## IX.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS, on behalf of themselves and the above-described COLLECTIVE ACTION MEMBERS, request relief as follows:

A. Designation of this action as a collective action on behalf of the COLLECTIVE ACTION MEMBERS and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b).

B. Designation of PLAINTIFFS Jeffrey Spencer and Erik Odroniec as

- 9 -

Representative of the Collective Action.

  C.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

  D.  An award of damages, including back wages for unpaid overtime compensation;

  E.  An award of liquidated damages;

  F.  Reasonable attorneys' fees and costs;

  F.  Pre-Judgment and Post-Judgment interest, as provided by law; and

  H.  Such other legal equitable relief as this Court deems necessary, just, and proper.

Dated:  April 12, 2019

Respectfully submitted,

*/s/* Hillary Schwab
Hillary Schwab
Mass. BBO# 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

Aaron Kaufmann, *pro hac vice* forthcoming
Elizabeth Gropman, *pro hac vice* forthcoming
LEONARD CARDER, LLP
1330 Broadway, suite 1450
Oakland, CA 94612
(510 272-0169
akaufmann@leonardcarder.com
egropman@leonardcarder.com

Sam J. Smith, *pro hac vice* forthcoming
Loren B. Donnell, *pro hac vice* forthcoming
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com

Attorneys for PLAINTIFFS