UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10715

JEFFREY SPENCER and ERIK ODRONIEC,
on behalf of themselves and all others similarly
situated,

       Plaintiffs,

              v.

UNITED MEDICAL SYSTEMS (DE), INC., a
Delaware Corporation,

       Defendant.

## ANSWER TO COMPLAINT

Defendant, United Medical Systems, Inc. ("UMS") hereby answers Plaintiffs' Complaint as follows:

1.     The statement contained in Paragraph 1 requires no response. To the extent that statement requires a response, UMS denies that it has violated any laws or committed any wrongful acts.

## I. INTRODUCTION

2.     The allegations contained in the first two sentences in Paragraph 2 are a summary of Plaintiffs' claims and require no response. To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts. UMS denies the remaining allegations set forth in Paragraph 2.

3.     The allegations contained in Paragraph 3 are a summary of Plaintiffs' claims and require no response. To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

## II. JURISDICTION

4.      The allegations contained in Paragraph 4 are a statement of law and require no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

## III. VENUE

5.      The allegations contained in Paragraph 5 are a statement of law and require no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

## IV. PARTIES

6.      UMS is without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 6, and, therefore, denies the same.  UMS admits the allegations contained in the second sentence of Paragraph 6, except avers that Jeffrey Spencer began his employment at UMS in January 2003 – not 2002.

7.      UMS is without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 7, and, therefore, denies the same.  UMS admits the remaining allegations contained in Paragraph 7.

8.      UMS admits the allegations contained in the first and second sentences of Paragraph 8.  The third sentence of Paragraph 8 is a statement of law and requires no response. To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

## V. STATEMENT OF FACTS

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Denied.

14.     UMS denies the allegations contained in the first sentence of Paragraph 14.  UMS admits the allegations contained in the second sentence of Paragraph 14.  UMS denies the remaining allegations contained in Paragraph 14.

15.     UMS denies the allegations contained in the first sentence of Paragraph 15.  UMS admits the allegations contained in the second sentence of Paragraph 15.  UMS denies the remaining allegations contained in Paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## VI. COLLECTIVE ACTION ALLEGATIONS

22.     The allegations contained in Paragraph 22 are a statement of law and require no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

23.     Denied.

24.     Denied.

25.     The allegations contained in Paragraph 25 are a statement of law and require no response.  To the extent such allegations require a response, UMS denies that Plaintiffs' claims

are similar to the claims of the putative members of the purported collective action as set forth in the Complaint.

26.     Regarding the first sentence of Paragraph 26, UMS is without sufficient information to admit or deny whether it is in possession of all addresses of the putative collective action members as set forth in the Complaint and, therefore, denies that allegation.  The second sentence of Paragraph 26 is a prayer for relief, and, as such, requires no response.  To the extent that such prayer for relief requires a response, UMS denies that Plaintiffs or the putative collective action members as set forth in the Complaint are entitled to any such relief.

## VII.  DAMAGES

27.     Denied.

## VIII.  CLAIMS FOR RELIEF

28.     UMS repeats and incorporates its responses to the preceding allegations.

29.     The allegations contained in the first sentence of Paragraph 29 are a statement of law and require no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.  UMS denies the allegations contained in the second sentence of Paragraph 29.  UMS admits the allegations contained in the third sentence of Paragraph 29.

30.     The allegations contained in the first sentence of Paragraph 30 is a statement of law and requires no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.  UMS is without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 30 and, therefore, denies the same.

31.    The allegations contained in Paragraph 31 is a statement of law and requires no response.  To the extent such allegations require a response, UMS denies that it has violated any laws or committed any wrongful acts.

32.    Denied.

33.    Denied.

34.    The allegations contained in Paragraph 34 constitute a prayer for relief to which no response is required.  To the extent such prayer for relief requires a response, UMS denies that Plaintiffs as set forth in the Complaint are entitled to the damages and other relief sought.

35.    The allegations contained in Paragraph 35 constitute a prayer for relief to which no response is required.  To the extent such prayer for relief requires a response, UMS denies that Plaintiffs are entitled to attorneys' fees and/or costs of the action and other relief sought.

## IX.  PRAYER FOR RELIEF

UMS denies that Plaintiffs or the putative members of the purported collective action as set forth in the Complaint are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported collective action as set forth in the Complaint, are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or latches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported collective action as set forth in the Complaint, are barred, in whole or in part, to the extent they failed to meet any of the statutory prerequisites.

## FOURTH AFFIRMATIVE DEFENSE

Any damages that Plaintiffs or the putative members of the purported collective action as set forth in the Complaint could recover must be eliminated or reduced by their failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported collective action as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

At all times, UMS acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

UMS did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

## NINTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiffs and the putative members of the purported collective action are not similarly situated.

UMS reserves the right to raise additional affirmative defenses following discovery.

**WHEREFORE**, UMS states that Plaintiffs and the putative members of the purported collective action as set forth in the Complaint are not entitled to any relief sought in the Complaint, and UMS respectfully requests that the Complaint be dismissed, that UMS be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as is just and appropriate.

Respectfully submitted,

**UNITED MEDICAL SYSTEMS, INC.**

By its attorneys,

/s/ Jonathan R. Sigel
Jonathan R. Sigel, Esq., BBO # 559850
Brian M. Casaceli, Esq., BBO #690580
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: 508.860.1474
Fax:    508.983.6261
Email: jsigel@mirickoconnell.com
        bcasaceli@mirickoconnell.com

Dated: June 4, 2019

<u>CERTIFICATE OF SERVICE</u>

I, Jonathan R. Sigel, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jonathan R. Sigel
Jonathan R. Sigel

Dated: June 4, 2019