UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY SPENCER and ERIK ODRONIEC, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>UNITED MEDICAL SYSTEMS (DE), INC., a Delaware Corporation,<br><br>      Defendant. | No. 4:19-cv-10715 |

**PLAINTIFFS' ASSENTED TO MOTION TO
DISMISS WITHOUT PREJUDICE**

Plaintiffs hereby move the Court for an order permitting voluntary dismissal of the captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). At this early stage in the proceedings, prior to conducting discovery or the filing of dispositive pleadings, Plaintiffs dismissal of this lawsuit without prejudice will not result in any prejudice to Defendant United Medical Systems (De), Inc. ("UMS").

**Summary of Facts and Procedural History**

Plaintiffs filed the instant case asserting claims under the Fair Labor Standard Act for drivers and technologists of UMS for unpaid overtime compensation on April 15, 2019. *See* ECF No. 1. Plaintiffs filed an early motion for collective action certification and notice pursuant to 29 U.S.C. § 216(b) on June 3, 2019, ECF No. 14, and UMS answered on June 4, 2019. The parties requested a stay of this action on June 20, 2019 to explore a resolution after Plaintiffs discovered that UMS had recently entered into a settlement with the United States Department of Labor, which required UMS to pay back wages to current and former drivers and technologists. ECF No. 16. To date, the collective action has not be conditionally certified pursuant to section

216(b); the parties have not served or responded to any informal discovery requests; and the five individuals who have joined this action as opt-in plaintiffs consent to the dismissal.

### Memorandum of Law

Federal Rule of Civil Procedure 41(a)(2) provides a district court discretion to grant dismissal to a plaintiff "upon such terms and conditions as the court deems proper." A motion for voluntary dismissal should be granted in the absence of clear legal prejudice to the defendant. *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). The fact that UMS has already filed an answer is contemplated by the Rule and is insufficient to constitute such prejudice. *Alamance Industries Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Finally, here, UMS has consented to voluntary dismissal without prejudice.

### Conclusion

For the reasons set forth above, the Court should order dismissal of Plaintiffs' Complaint without prejudice.

### CERTIFICATE OF LOCAL RULE 7.1(A)(2) CONFERENCE

The undersigned certifies that he has conferred with opposing counsel prior to filing this Motion. Opposing counsel assents to the dismissal of this lawsuit.

/s/ *Sam J. Smith*
Sam J. Smith

Dated:  August 5, 2019	Respectfully submitted,

/s/ *Sam J. Smith*
Sam J. Smith,  *pro hac vice*
Loren B. Donnell, *pro hac vice*
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL  33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com

Hillary Schwab
Mass. BBO# 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

Aaron Kaufmann, *pro hac vice*
Elizabeth Gropman, *pro hac vice*
LEONARD CARDER, LLP
1330 Broadway, suite 1450
Oakland, CA 94612
(510) 272-0169
akaufmann@leonardcarder.com
egropman@leonardcarder.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2019, a true and accurate copy of the foregoing motion was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Sam J. Smith*
Sam J. Smith